Because I believe the circuit court is in a better position than this court to evaluate the validity of a request for post-conviction DNA testing, I must respectfully dissent.
The appellant filed Rule 32 petitions, challenging his convictions for first-degree rape and second-degree robbery. He also filed motions requesting that the court order the release of the victim's medical records; "declare him indigent for the purpose of obtaining `Rape Kit and DNA test' at the State's expense"; order the State to release "the rape kits and medical reports that contain the DNA and other medical evidence of the alleged rape victims and the DNA reports of the alleged victims"; and "order DNA testing of him to specifically ascertain if it does in fact match the specimen found on the victim." (C.R. 51, 52, 55.) The circuit court summarily denied the petitions, but apparently did not specifically rule on his discovery motions.
The appellant argues that the circuit court "abused [its] discretion by not granting him post-conviction discovery." (Appellant's brief at p. 4.) In his petitions, he asserted that he "is innocent of the charge of rape in the first degree" and that he "is entitled to the DNA testing to exonerate him [on] the charge of rape in the first degree." (C.R. 25, 105.) He further asserted "that he should be allow[ed] the testing first and after all of the results are made final then he should be afforded the opportunity to present his newly discovered evidence at an evidentiary hearing on this claim of actually innocent." (C.R. 27, 107.)
Alabama has not established a procedure for defendants to use to request post-conviction DNA testing. Nevertheless, this court, the Alabama Supreme Court, and the Legislature should recognize the need for, and the importance of, post-conviction DNA testing in certain cases. Therefore, I strongly urge the Legislature to pass statutes and/or the Alabama Supreme Court to establish rules that allow *Page 1204 
for, and set parameters for, post-conviction DNA testing.[4] In this regard, I suggest that those bodies consider adopting the guidelines set forth below.
A person who has been convicted of an offense in the State of Alabama should be allowed to file a motion for post-conviction DNA testing. A petitioner who requests post-conviction DNA testing should be required to make a prima facie showing that:
 1) he has exercised due diligence and has timely presented his request for testing;
 2) the evidence to be tested is still in existence and is in such a condition that DNA testing may be conducted;
 3) the evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, degraded, contaminated, replaced, or altered in any material aspect;
 4) the evidence was not previously subjected to DNA testing or was not subjected to the type of DNA testing that is now requested and the new testing may resolve an issue not resolved by the prior testing;
 5) the requested testing uses a scientifically valid technique and the results of such testing would likely be admissible at trial;
 6) the evidence to be tested is material to the issue of the petitioner's identity as the perpetrator of, or accomplice to, the offense for which he was convicted; and
 7) the identity of the petitioner as the perpetrator of the offense was at issue during the petitioner's trial.
When a petitioner requests post-conviction DNA testing, the circuit court should allow the State to respond to the request. It should also conduct a hearing on the request if it determines that such a hearing is necessary. Thereafter, the circuit court should make specific, written findings of fact as to whether a petitioner has or has not made a prima facie showing that post-conviction DNA testing should be ordered. Once a petitioner has made such a prima facie showing, the circuit court should make additional specific, written findings of fact as to whether the result of the trial or sentencing probably would have been more favorable to the petitioner if the results of the testing had been known at either of those times. If it determines that the result of the trial or sentencing probably would have been more favorable to the petitioner, then the court should order post-conviction DNA testing on such terms and under such conditions as it deems to be appropriate. Such terms and conditions should include, but should not be limited to, safeguards that ensure the integrity of the evidence and the testing process. After the testing has been completed, the petitioner should be allowed to seek relief pursuant to Rule 32, Ala.R.Crim.P. *Page 1205 
For the above-stated reasons, we should remand this case to the circuit court with instructions that that court consider the appellant's requests relating to post-conviction DNA testing applying the guidelines set forth in this dissent. Accordingly, I respectfully dissent.
[4] In so doing, those bodies should consider the following statutes and rules: Ariz. Rev. Stat. Ann. § 13-4240 (West 2000); Cal. Penal Code § 1405 (West 2000); Del. C. Ann. tit. 11, § 4504 (2000); Fla. Stat. ch. 925.11 (2001); 725 Ill. Comp. Stat. 5/116-3 (2000); Ind. Code §§ 35-38-7-1 through -19 (2001); Me. Rev. Stat. Ann. tit. 15, §§ 2136-2138 (West 2001); Mich. Comp. Laws § 770.16 (2001); Minn. Stat. §§ 590.01 — 590.06 (2000); 2001 Neb. Laws, L.B. 659 (2001); N.M. Stat. Ann. § 31-1A-1 (Michie 2000); N.Y. Crim. Proc. Law § 440.30
(McKinney 2001); N.C. Gen. Stat. § 15A-268 through -270 (2001); Okla. Stat. tit. 22, § 1371.1 (2000); Okla. Stat. tit. 22, § 1372
(2001); Tenn. Code Ann. § 40-26-106 (2000); Tex.Crim. Proc. Code Ann. §§ 64.01-64.05 (West 2001); Utah Code Ann. §§ 78-35a-301 through -304 (2001); Wash. Rev. Code § 10.73.170 (2000); Rule 3.853, Fla.R.Crim.P.; Rule 29.17, Mo. R. Crim. P.